**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-6079**

UNITED STATES OF AMERICA,

　　　　　　Plaintiff - Appellee,

　　　v.

MICHAEL WALLACE RICE,

　　　　　　Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:05-cr-00011-REP-2; 3:17-cv-00123-REP)

Submitted:  April 19, 2018　　　　　　　　　　Decided:  April 24, 2018

Before GREGORY, Chief Judge, and THACKER and HARRIS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Michael Wallace Rice, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Wallace Rice, a federal prisoner, seeks to appeal the district court's order dismissing for lack of jurisdiction Rice's 28 U.S.C. § 2255 (2012) motion, which the district court found was an unauthorized, successive § 2255 motion. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on February 16, 2017. The notice of appeal was filed on January 18, 2018.[1] Because Rice failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period,[2] we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are

---

[1] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. *See* Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266 (1988).

[2] Rice arguably sought reopening in that, in his notice of appeal, Rice averred that he had no notice of the district court's disposition until two days earlier. However, the reopening period identified in Fed. R. App. P. 4(a)(6)(B)—which, in this case, was 180 days from the entry of the district court's order—had long since expired, and district courts are not authorized to extend that period to account for equitable or exceptional circumstances. *See Bowles*, 551 U.S. at 213-14.

adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*